UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS HEATON SPITTERS,
    Plaintiff,

v.

PSYNERGY, et al.,
    Defendants.

Case No. 18-cv-03639-PJH

**ORDER REGARDING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DISMISSING COMPLAINT, AND DENYING IFP APPLICATION**

Re: Dkt. No. 4

The court has reviewed Magistrate Judge Sallie Kim's Report and Recommendation to Dismiss the Complaint, as well as plaintiff's subsequent filing. See Dkts. 4 & 7. The court finds the report correct, well-reasoned and thorough, and adopts it's reasoning with respect to the recommendation to dismiss the complaint. In particular, Judge Kim correctly determined that plaintiff "fails to provide any facts to support jurisdiction[.]" Dkt. 4 at 2.

## DISCUSSION

### A. Whether to Dismiss the Complaint

Federal district courts can only adjudicate cases as authorized by the Constitution and Congress. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). District courts can adjudicate cases where the parties are diverse in state citizenship, where there's a presence of a federal question, and cases where the United States is a party. Id. The party asserting jurisdiction bears the burden of establishing it in federal court. Id. at 377. Federal courts must dismiss a complaint if the complaint lacks subject matter jurisdiction. Fed. R. Civ. P. 12; Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983).

First, plaintiff does not allege any facts that would establish diversity jurisdiction. Diversity jurisdiction requires that parties be citizens of different states and the amount in controversy exceeds $75,000. Plaintiff does not state where defendants reside, nor does he allege any facts to show that the amount in controversy exceeds $75,000.

Second, plaintiff does not allege any facts to show federal question jurisdiction. Plaintiff does not refer to federal law, nor does plaintiff name the United States as a party. In fact, as Jude Kim recognized, "[i]t is not clear at all from the Complaint what claim or claims Plaintiff seeks to assert." Dkt. 4 at 2. As such, plaintiff fails to allege that this court has jurisdiction to adjudicate his complaint.

Plaintiff's complaint is therefore DISMISSED WITH LEAVE TO AMEND.

**B.  Whether Plaintiff May Proceed IFP**

The court finds that plaintiff has failed to make the necessary showing to proceed in forma pauperis ("IFP"). The court may authorize a plaintiff to file an action in federal court without prepayment of fees if the plaintiff submits an affidavit showing that he or she is unable to pay such fees. 28 U.S.C. § 1915(a). The affidavit must include a statement of the plaintiff's assets and sufficient information to determine whether he is able to pay the fees. Id. Here, plaintiff has summarily stated that his annual wages, liquid savings, and personal property are "de minimus." Dkt. 2. Whether plaintiff's assets qualify him to proceed IFP is a conclusion for the court to draw based on plaintiff's accurate and factual reporting of his assets. That is, the court will decide whether plaintiff's assets are sufficient to proceed IFP. Plaintiff may not make that determination himself by labeling what assets he does have as "de minimus."

Plaintiff's application to proceed IFP is therefore DENIED WITHOUT PREJUDICE. Plaintiff may again seek permission to proceed IFP by filing an amended IFP application that reports factual and accurate information about his assets.

**CONCLUSION**

Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND. No other claims or parties may be added without leave of court. Plaintiff must file any amended complaint

by October 5, 2018.  Plaintiff's IFP application is DENIED WITHOUT PREJUDICE. Plaintiff must file any amended IFP application by October 5, 2018.

**IT IS SO ORDERED.**

Dated:  September 10, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge