UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS HEATON SPITTERS,
    Plaintiff,

v.

PSYNERGY, et al.,
    Defendants.

Case No. 18-cv-03639-PJH

**ORDER DISMISSING ACTION**

The court is in receipt of plaintiff's submissions dated February 8, 2019 and March 15, 2019, which plaintiff filed in response to the court's February 5, 2019 order denying his IFP application. See Dkts. 15, 20–22. The court's February 5 order instructed plaintiff that he "shall pay the entire filing fee of $400.00 no later than March 15, 2019. Failure to make that payment by that deadline will result in dismissal of plaintiff's action." Dkt. 20 at 2. Additionally, the court instructed plaintiff that he "is responsible for service of the summons and the complaint and any amendments and attachments, as well as scheduling orders and other documents specified by the Clerk, pursuant to Rule 4 of the Federal Rules of Civil Procedure," by May 6, 2019. Id.

On February 8, 2019, plaintiff submitted a response (filed February 13) arguing that the court's denial of his IFP application "might be considered inappropriate" given defendants' alleged conduct. Dkt. 21. As in plaintiff's amended IFP application (Dkt. 18), plaintiff again requested that the court order defendants to pay all fees, including attorneys' fees, costs, and the filing fee. Id.

Plaintiff's March 15, 2019 submission (filed March 18) is titled "Agreement in spirit

United States District Court
Northern District of California

1 with the last orders of the court, plaintiff's reasons to demand de novo examination of this

2 case." Dkt. 22. The letter concedes that the court legitimately requires financial

3 disclosures to make IFP determinations, yet it states that plaintiff "reserves the right" to

4 not comply with the IFP disclosure requirements given "the court's emphasis only on

5 financial disclosures of the plaintiff" and defendants' alleged conduct. Id.

6 Plaintiff has not paid any portion of the filing fee in this case, and the deadline by

7 which he was required to do so has passed.

8 The court construes plaintiff's filings as motions pursuant to Civil Local Rule 7-9 for

9 reconsideration of the court's February 5, 2019 order denying plaintiff's IFP application.

10 Even setting aside the motions' numerous procedural problems,[1] plaintiff's motions to

11 reconsider must be denied. The court's order denying plaintiff's IFP application was

12 substantively correct at the time it was issued, and it remains correct considering the

13 information available to the court now. Plaintiff still has not provided information that

14 would allow the court to assess whether he can "pay the filing fees necessary to pursue

15 the action." La Douer v. U.C.S.F., No. 15-cv-02214-MEJ, 2015 WL 4323665, at *2 (N.D.

16 Cal. July 15, 2015) (citing 28 U.S.C. § 1915(a)(1)).

17 Plaintiff also argues that defendants' alleged conduct alleviates his responsibility to

18 demonstrate that he cannot pay the filing fee. Not so. The court assesses a plaintiff's

19 IFP application independent of the merits of his complaint.

20 Following the court's February 5 order denying plaintiff's IFP application, plaintiff

21 had two options. He could have paid the filing fee and served defendants pursuant to

22 Federal Rule of Civil Procedure 4, or he could have dismissed this action. Plaintiff chose

23 the second option.

---

[1] First, plaintiff was required to seek leave of the court prior to filing a motion for reconsideration. Civ. L.R. 7-9(a). Second, plaintiff was required to show that (1) a material difference in fact or law exists from that which was presented to the court at the time that the first order was entered, (2) a new material fact or change of law has occurred since the court's first order, or (3) the court manifestly failed to consider material facts or dispositive legal arguments that were presented to it. Civ. L.R. 7-9(b). Third, the motion for leave may not repeat any argument previously made. Civ. L.R. 7-9(c). Plaintiff has failed to comply with each of those three requirements.

Accordingly, this action is DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: March 29, 2019

_____
PHYLLIS J. HAMILTON
United States District Judge