UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THOMAS HEATON SPITTERS,
    Plaintiff,

v.

PSYNERGY, et al.,
    Defendants.

Case No. 18-cv-03639-PJH

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

Re: Dkt. Nos. 26, 27, 28

On June 18, 2018, plaintiff Thomas Spitters made a filing that opened this civil action. Dkt. 1. Plaintiff's initial request to proceed in forma pauperis ("IFP") was denied on January 9, 2019, and subsequent motions to proceed IFP were denied on February 5, 2019 and March 29, 2019. Dkts. 15, 20, 23. On March 29, 2019, the court dismissed this action without prejudice because plaintiff had failed to pay the filing fee and/or serve defendants pursuant to Federal Rule of Civil Procedure 4 by the deadline this court had imposed. Dkt. 23. Judgment also entered on March 29, 2019. Dkt. 24.

On May 22, 2019, plaintiff made three filings with the court. One of the filings is a request that the court "reconsider reviewing de novo this case[.]" Dkt. 28. Another "formally requests the following cases be re-opened or held open on the grounds that defendants are guilty of anti-trust infractions," and then proceeds to list 11 different actions, including the present action. Dkt. 27.

The final filing is "a request for . . . de novo re-examination of" this action. Dkt. 26 at ECF p. 1. In it, plaintiff states that he has "notified the clerk" of this court "to process proper filings . . . including issuing proper summons for trust documents cited by

defendants in the cases in the attached documents." Id. at ECF p. 2. Plaintiff also states that he "does regard the court's rulings as warranting a de novo review of each case[.]" Id. Plaintiff later "requests re-opening and re-examination of these cases per the accompanying document on the subject of the defendants' anti-trust conduct[.]" Id. at ECF p. 5.

The court interprets plaintiff's filings as a motion to vacate judgment pursuant to Federal Rule of Civil Procedure 60(b). "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (discussing Rule 59(e)).

Under Rule 60(b), "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Here, plaintiff offers no cognizable reason in support of his motion to vacate or amend judgment. Plaintiff simply seeks "de novo" reexamination of his claims in this action, but he does not suggest that this court's dismissal and judgment should be revisited for any of the reasons provided in Rule 60(b). At best, plaintiff attempts to justify his request by arguing that the defendants committed unlawful conduct. But this case was dismissed because plaintiff failed to pay the filing fee and/or serve any defendant by the required deadline—reasons the plaintiff has not challenged.

Thus, plaintiff has articulated no basis for vacating, altering, or amending the

judgment. The motion is DENIED. The court will entertain no further motions in this case.

**IT IS SO ORDERED.**

Dated: June 24, 2019

PHYLLIS J. HAMILTON
United States District Judge